**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **CONRAD FUMBO SINE,** <br> **aka PAUL C. WILLIAM,** <br><br> Petitioner, <br><br> v. <br><br> **PHILLIP CRAWFORD, DEPARTMENT** <br> **OF HOMELAND SECURITY,** <br><br> Respondents. | ) <br> ) <br> ) <br> ) CIV 07-00343 PHX PGR (MEA) <br> ) <br> ) REPORT AND RECOMMENDATION <br> ) <br> ) <br> ) <br> ) <br> ) |

**TO THE HONORABLE PAUL G. ROSENBLATT:**

Mr. Conrad Sine ("Petitioner"), who is currently detained by Respondents at the Eloy Detention Center in Eloy, Arizona, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on February 15, 2007, seeking his release from this detention. Respondents filed a Response in Opposition to Petition for Writ of Habeas Corpus (Docket No. 11) on June 6, 2007. On or about June 25, 2007, Petitioner filed a reply to the response to his habeas petition. See Docket No. 14.

**I.  Background**

Petitioner is a citizen of the United Kingdom. See Response in Opposition to Petition for Writ of Habeas Corpus ("Response"), Exh. 1. On July 14, 1998, Petitioner was admitted to the United States under the Visa Waiver Program ("VWP"). See

id., Exh. 3. The VWP's provisions authorized Petitioner to remain in the United States for a maximum of 90 days. Id., Exh. 3. Petitioner did not receive authorization to remain in the United States beyond the maximum 90-day period.

On August 31, 2001, Petitioner was convicted by the United States District Court for the Northern District of Georgia, on three counts of violating of 18 U.S.C. § 1957 and 18 U.S.C. § 2. Id., Exh. 2. Petitioner was sentenced to a term of 70 months imprisonment on each of the three separate counts of conviction and the sentences were ordered to be served concurrently. Id., Exh. 2.

On August 4, 2005, the Department of Homeland Security issued a Notice of Intent, informing Petitioner of its intent to deport Petitioner based on the charge he had violated the terms of his admission into the United States. Id., Exh. 3. The Notice of Intent stated Petitioner was removable from the United States pursuant to section 237(a)(1)(B) of the Immigration and Nationality Act ("INA"), i.e., Petitioner had remained in the United States beyond the term permitted, and pursuant to section 237(a)(2)(A)(iii) of the INA, i.e., Petitioner was an alien who had been convicted of committing an aggravated felony as that term is defined in section 237(a)(2)(A)(iii) of the INA. Id., Exh. 3. The Notice of Intent stated that, when Petitioner had executed his Nonimmigrant Visa Waiver Arrival/Departure form in 1998, he had "waived his right to contest deportability before an Immigration Judge and the Board of Immigration Appeals, and to any judicial review of any and all of" the decisions regarding his alien

status.[1]  Id., Exh. 3.

Petitioner was taken into the custody of Immigration and Customs Enforcement ("ICE") on May 31, 2006, following his release from his term of federal imprisonment.  See Petition.

On August 31, 2006, Petitioner was notified the United States Immigration and Custody Enforcement agency ("ICE"), would not be conducting a custody review regarding his detention pending his removal.  See Response, Exh. 4.  The United States government sought to remove Petitioner from the United States to the United Kingdom.  See id.  In October 2006, in response to the request for travel documents allowing Petitioner into the United Kingdom, the British Embassy requested additional information regarding Petitioner.  Id. at 3.

On November 8, 2006, Petitioner was informed that a review of his custody status would be conducted on December 8, 2006.  Id., Exh. 5.  Respondents determined in a decision issued December 20, 2006, after the hearing, that Petitioner would

---

[1]
> The Visa Waiver Program allows aliens from designated countries to obtain expedited admission to the United States. As part of the program, however, participants must agree to two conditions. First, they must be seeking admission as a nonimmigrant visitor for a period not exceeding 90 days. Second, participants must waive any right to contest, other than on the basis of an application for asylum, any action for removal of the alien.

Schmitt v. Maurer, 451 F.3d 1092, 1093-94 (10th Cir. 2006) (internal citations and quotations omitted).  Pursuant to federal regulations, removal of aliens admitted pursuant to the Visa Waiver Program who are not seeking asylum "shall be effected without referral of the alien to an immigration judge for a determination of deportability." 8 C.F.R. § 217.4(b)(1) (2006).  See also Handa v. Clark, 401 F.3d 1129, 1135 (9th Cir. 2005).

1 continue to be detained pending his removal from the United
2 States. Id., Exh. 6. The reviewing board concluded Petitioner
3 had failed to demonstrate he did not pose a flight risk and that
4 he had failed to demonstrate he did not pose a threat to
5 society. Id., Exh. 6. Additionally, the reviewing board
6 concluded Petitioner had not demonstrated he would comply with
7 the requirements of an Order of Supervision. Id., Exh. 6.

8 Petitioner sought another review of his custody status
9 on January 5, 2007. Id., Exh. 7. On March 14, 2007, the United
10 Kingdom asked Petitioner for additional documents, in order to
11 process his application for a travel document. Id., Exh. 8. On
12 April 30, 2007, it was again decided Petitioner should be
13 detained pending his removal. Id., Exh. 9.

14 Petitioner asserts he is entitled to release from
15 detention pending his removal because he has been detained by
16 Respondents for more than 12 months, and, he asserts, for almost
17 two years since his order of removal was issued August 4, 2005.
18 Petitioner contends that his rights to substantive and
19 procedural due process have been violated by his detention for
20 a period exceeding six months and because his removal is not
21 likely in the reasonably foreseeable future. Petitioner
22 contends that he is not a flight risk nor a danger to the
23 community.

24 Respondents argue Petitioner's detention is authorized
25 by 8 U.S.C. § 1231(a).[2] Respondents aver Petitioner's detention

---

[2]
During the removal period, the Attorney General
shall detain the alien. Under no circumstance
during the removal period shall the Attorney

-4-

is proper and not in violation of federal law or Petitioner's constitutional rights.

## II. Jurisdiction

This Court has jurisdiction over the section 2241 petition only to consider the merits of Petitioner's claim his continued detention violates his constitutional rights. See Arreola-Arreola v. Ashcroft, 383 F.3d 956, 964-65 (9th Cir. 2004); Moallin v. Cangemi, 427 F. Supp. 2d 908, 920 (D. Minn. 2006). The District Court does not have jurisdiction to consider the propriety of the order of removal. See Real ID Act, Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005); Padilla v. Gonzales, 470 F.3d 1209, 1213 (7th Cir. 2006); Rosales v. Bureau of Immigration & Customs Enforcement, 426 F.3d 733, 736 (5th Cir. 2005), cert. denied, 126 S. Ct. 1055 (2006). The plain language of the REAL ID Act grants jurisdiction to appellate courts to review questions of law presented in petitions for review of final orders of removal, even those pertaining to otherwise discretionary determinations. See Afridi v. Gonzales, 442 F.3d 1212, 1218 (9th Cir. 2006) (noting the REAL ID Act conferred jurisdiction on the United States Circuit Courts of Appeal to determine if an alien's crime was properly categorized as an "aggravated felony"); Cabrera-Alvarez v. Gonzales, 423 F.3d 1006, 1009 (9th Cir. 2005) (explaining that, in the context of appellate review of the BIA's

---

General release an alien who has been found inadmissible under section 1182(a)(2) or 1182(a)(3)(B) of this title or deportable under section 1227(a)(2) or 1227(a)(4)(B) of this title.
8 U.S.C. § 1231(a)(2) (2005 & Supp. 2006).

discretionary decision to deny cancellation of removal, interpretation of immigration statutes is a question of law that appellate courts have jurisdiction to review pursuant to the REAL ID Act).

### III. Analysis

This Court may issue a writ of habeas corpus to a Department of Homeland Security detainee who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (1994 & Supp. 2006).

Section 241 of the INA, codified at 8 U.S.C. § 1231, applies to the detention of aliens who are being held pursuant to an administratively final order of removal. This statute states: "Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." § 1231(a)(1)(A) (2005 & Supp. 2006). Additionally, for particular categories of removable aliens, this section requires the Attorney General to detain the alien during the "removal period." See id. § 1231(a)(2). This section also explicitly allows, but does not require, the detention of an alien beyond the ninety-day removal period in certain circumstances. See id. § 1231(a)(6).[3]

---

[3] Section 1231(a)(6) provides:
An alien ordered removed who is inadmissible under section 1182 of this title ... or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, *may be detained beyond the removal period* ....
Additionally, if an alien's release "pose[s] a danger to the community or to the safety of other persons or to property or a significant risk of flight pending such alien's removal from the

-6-

However, the Ninth Circuit has determined that subsection 1231(a)(6) does not authorize the indefinite detention of an inadmissible alien. See Martinez-Vazquez v. INS, 346 F.3d 903, 906 (9th Cir. 2003), cert. denied, 543 U.S. 1045 (2005).

In Zadvydas v. Davis, 533 U.S. 678, 121 S. Ct. 2491 (2001), the Supreme Court examined section 1231 to determine whether aliens may be detained *indefinitely* beyond the removal period, pending their deportation. The Supreme Court concluded that "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem." Id., 533 U.S. at 688-89, 121 S. Ct. at 2498. To avoid the constitutional difficulty, the Court decided to read an implicit time limitation into section 1231(a)(6), and determined that the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." Id. The Supreme Court concluded that, if removal of an alien is not reasonably foreseeable, a court should hold that his continued detention is unreasonable and order his release. Id., 533 U.S. at 699-700, 121 S. Ct. at 2504. The Court determined that six months was the presumptive limit on the "reasonably necessary" period of time to detain an alien. See id. 533 U.S. at 700, 121 S. Ct. at 2505. The Ninth Circuit Court of Appeals has interpreted the "six month" limit to be a total of six months from the date the order of removal becomes final. See Khotesouvan v. Morones, 386 F.3d 1298, 1300 (9th

---

United States," the alien may be detained. 8 C.F.R. §§ 241.4(d)(1) & 241.4(e)-(f) (2006).

-7-

1 Cir. 2004); Kim Ho Ma v. Ashcroft, 257 F.3d 1095, 1102 n.5 (9th
2 Cir. 2001); accord Akinwale v. Ashcroft, 287 F.3d 1050, 1052
3 (11th Cir. 2002).

4 Because Petitioner had no right to any appeal or review
5 of the "order" of removal issued August 4, 2005, other than an
6 application for asylum which he did not file, Petitioner's order
7 of removal became final on August 4, 2005.  Cf. Shehu v.
8 Attorney General, 482 F.3d 652, 656-57 (3d Cir. 2007)
9 (concluding denial of an alien's application for asylum, which
10 alien was admitted pursuant to the VWP, constituted a final
11 order of removal because the alien was entitled to no further
12 process before deportation); Schmitt v. Maurer, 451 F.3d 1092,
13 1096 (10th Cir. 2006) ("The statutory text and legislative
14 history therefore make it abundantly clear that an alien may not
15 challenge an Order of Removal issued to an alien who overstayed
16 a visa issued through the Visa Waiver Program on any grounds
17 other than asylum. Nor do the text or history of the adjustment
18 of status statutes or regulations suggest a contrary result.");
19 Itaeva v. INS, 314 F.3d 1238, 1242 (10th Cir. 2003) (rejecting
20 alien's argument that she could apply for suspension of
21 deportation after having been admitted under the Visa Waiver
22 Program).  Accordingly, the six-month presumptively
23 constitutionally-permissible period of detention expired
24 February 4, 2006. Petitioner has, therefore, been detained for
25 approximately sixteen months beyond the six-month
26 constitutionally-permissible limit for detention of an alien
27 pursuant to section 1231.

28 [In Zadvydas the Supreme Court] held that,

-8-

>    unless special circumstances exist, an alien ordered removed whose removal is not reasonably foreseeable may not be detained indefinitely, but only for "a period reasonably necessary to secure removal." Id. at 699, 121 S. Ct. 2491; see also id. at 690-92, 121 S. Ct. 2491. Detention for 6 months, including the 90-day removal period, is "presumptively reasonable." Id. at 701, 121 S. Ct. 2491. A due process analysis and remedy follow: If, after 6 months, the alien makes a showing that there is "no significant likelihood of removal in the reasonably foreseeable future," then the government must establish such a likelihood, or the existence of special circumstances, or the alien must be released from custody. Id. at 696, 701, 121 S. Ct. 2491.

Khotesouvan, 386 F.3d at 1300.

The burden of showing that there is no significant likelihood that a habeas petitioner will be removed in the reasonably foreseeable future rests with the petitioner seeking relief. See Pelich v. INS, 329 F.3d 1057, 1059 (9th Cir. 2003). If the petitioner meets his burden, the government must then introduce evidence to refute that assertion. See id.; Lin Guo Xi v. INS, 298 F.3d 832, 839-40 (9th Cir. 2002). A petitioner may make such a showing by establishing that there is an "institutional barrier" to his repatriation, i.e., that the country of removal does not have an agreement with the United States to accept repatriation of its nationals. See Kim Ho Ma, 257 F.3d at 1115 (concluding that, because the United States had no functioning repatriation agreement with Cambodia, the designated country of removal, and because the Cambodian government did not accept the return of its nationals from the United States, there was no reasonable likelihood that the INS would be able to accomplish the petitioner's removal in the

reasonably foreseeable future); Fahim v. Ashcroft, 227 F. Supp. 2d 1359, 1365 (N.D. Ga. 2002). Petitioner must demonstrate that "the circumstances of his status" or the existence of "particular barriers to his repatriation" to his country of origin are such that there is no significant likelihood of removal in the reasonably foreseeable future. Fahim, 227 F. Supp. 2d at 1366.

Petitioner has not established the circumstances of his status are such that there is no significant likelihood of removal in the reasonably foreseeable future. Neither has Petitioner produced evidence of an "institutional barrier" prohibiting his return to United Kingdom. Compare Ekeh v. Gonzales, 197 Fed. App. 637, 638 (9th Cir. 2006) (concluding that an alien, who had been detained for 30 months and who had applied for travel documents from "Liberia, Nigeria, Ethiopia, South Africa, France, Cote D'Ivoire, Italy, Sweden, the Netherlands, and Switzerland" and who had "submitted to interviews with Liberian and Nigerian officials and has repeatedly pledged to 'sign any document presented to him' to gain his removal" had met his burden of establishing there was no reasonable likelihood of his removal in the foreseeable future); Yassir v. Ashcroft, 111 Fed. App. 75, 77 (3d Cir. 2004); Abdel-Muhti v. Ashcroft, 314 F. Supp. 2d 418, 429 (M.D. Pa. 2004); Rajigah v. Conway, 268 F. Supp. 2d 159, 166 (E.D.N.Y. 2003).[4]

---

[4] [P]etitioner has satisfied his burden of "provid[ing] good reason to believe that there is no significant likelihood of removal in the

-10-

**IV. Conclusion**

Because Petitioner has not met his burden of establishing there is no significant likelihood of his removal in the reasonably foreseeable future, Petitioner is not entitled to habeas relief from his detention pending his removal based on his claim that his continued detention violates his federal constitutional or statutory rights.

**IT IS THEREFORE RECOMMENDED** that Mr. Sine's Petition for Writ of Habeas Corpus be **denied without prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate

---

reasonably foreseeable future." Zadvydas at 701, 121 S. Ct. 2491. Indeed, he has submitted a letter from the Guyanese Ambassador, stating that the embassy will not issue travel documents to him both because of his pending judicial proceedings and because of his inability to receive adequate medical treatment for his eye disease in Guyana.

-11-

consideration of the issues.  See <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir.) (en banc), <u>cert.</u> <u>denied</u>, 540 U.S. 900 (2003).  Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 28th day of June, 2007.

_____
Mark E. Aspey
United States Magistrate Judge

-12-